## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ISABEL GARCIA,

        Plaintiff,

vs.                                                                          Civ. No. 01-1208 MV/LCS

LEPRINO FOODS, CO., ALEX LOEZA, and
JUSTIN FOLKNER,

        Defendants.


## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Plaintiff's Objections to Defendant's

Itemized and Verified Cost Bill, filed September 29, 2004, **[Doc. No. 118]**.   The Court, having

considered the objections, response, reply, relevant law, and being otherwise fully informed, finds

that the objections are well-taken and will be **GRANTED in part**.

## <u>BACKGROUND</u>

Following a jury trial, judgment was entered in favor of Defendants on August 2, 2004.

On September 2, 2004, Defendant Leprino Foods Company filed an itemized and verified cost bill

pursuant to Rule 54 of the Federal Rules of Civil Procedure and Local Rule 54.  Objections to

Defendant's cost bill were due on September 16, 2004.  *See* D.N.M.LR-Civ. 7.6(a) (a response

must be served within fourteen calendar days after service of the motion).  On

September 22, 2004, having received no objections from Plaintiff, the Clerk of the Court taxed

costs against Plaintiff.  A week later, Plaintiff filed the instant objections to Defendant's cost bill.

Plaintiff's untimely objections were received after costs were already taxed and, therefore,

could not be considered by the Clerk of the Court.  Because Plaintiff's objections were filed

within five days after the Clerk taxed costs, however, the Court will consider Plaintiff's filing as a motion seeking review of the Clerk's order taxing costs under Rule 54.  Fed.R.Civ.P. 54(d)(1) ("On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.").

## ANALYSIS

Plaintiff objects to an award of costs to Defendant, arguing that her indigent status and the fact that her case had merit justify a waiver of costs.  In the alternative, Plaintiff contests some of the costs claimed by Defendant.

Federal Rule of Civil Procedure 54(d) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Fed.R.Civ.P. 54(d).  Whether or not a prevailing party shall be awarded costs is "within the court's sound discretion."  *Homestake Mining Co. v. Mid-Continent Exploration Co.*, 282 F.2d 787, 804 (10th Cir. 1960).  Nevertheless, Rule 54 creates a presumption that the district court will award costs to the prevailing party.  *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458-59 (10th Cir. 1995).  Thus, the established rule is that costs are generally awarded to the prevailing party.  *Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 722 (10th Cir. 2000); *Serna v. Manzano*, 616 F.2d 1165, 1167-68 (10th Cir. 1980).  The burden is on the non-prevailing party to overcome this presumption. *Cantrell*, 69 F.3d at 459.

Plaintiff has not cited any caselaw in support of her position that her limited financial resources and the fact that her case had some merit are sufficient to overcome the presumption that a prevailing party should be awarded costs.  The Tenth Circuit has noted that other circuits

have recognized that the indigent status of the non-prevailing party and the presentation of issues that are close and difficult are both "circumstances in which a district court may properly exercise its discretion under Rule 54(d) to deny costs to a prevailing party."  *Cantrell*, 69 F.3d at 459; *see also AeroTech, Inc., v. Estes*, 110 F.3d 1523, 1526 (10th Cir. 1997).  The Tenth Circuit, however, has found these two facts alone to be insufficient.  "[T]he denial of costs is in the nature of a severe penalty and there must be some apparent reason to penalize the prevailing party if costs are to be denied."  *Rodriguez v. Whiting Farms, Inc*., 360 F.3d 1180, 1190 (10th Cir. 2004) (internal quotes omitted); *AeroTech,* 110 F.3d at 1527; *Klein v. Grynberg*, 44 F.3d 1497, 1506-07 (10th Cir. 1995).  Plaintiff has not offered any reason why Defendant should be so penalized in this case.  The Court, therefore, rejects Plaintiff's argument that costs should not be awarded and turns to Plaintiff's objections to specific costs awarded to Defendant.

1.      Depositions

        Defendant seeks costs for two depositions.  Local Rule 54.2(b) provides that the cost of a deposition transcript is taxable when the "deposition is reasonably necessary to the litigation." D.N.M.LR-Civ. 54.2(b).  A deposition is reasonably necessary to the litigation when 1) a substantial portion of the deposition is admitted into evidence or used at trial for impeachment purposes; 2) the deposition is used by the Court in ruling on a motion for summary judgment; or 3) the Court so determines. *Id*.  Plaintiff does not contest that the depositions were "reasonably necessary to the litigation."  Rather, Plaintiff is concerned that Defendant may be seeking reimbursement for the amount on the face of the invoice rather than the actual amount paid because the invoices submitted by Defendant for these depositions indicate that a discount of 10% will be given if the invoice is paid within 30 days.  Defendant's attorney, however, has provided

an affidavit verifying that Defendant paid the face amount of the invoice and did not receive an early payment discount.  Defendant is entitled to recover costs for these depositions and the invoices and affidavit provided by Defendant are sufficient to support an award of these costs.

2.      Witnesses

Witness expenses are taxable as costs if the witness testifies at trial or at a deposition found reasonably necessary to the litigation.  D.N.M.LR-Civ. 54.2(c).  Defendant seeks costs for witness fees and expenses for two witnesses--Steve Becker and Mary Vance–who did not testify at trial.

Plaintiff argues that Mr. Becker, who was the plant manager at the time the events at issue occurred, is a representative of Defendant and thus is not entitled to witness fees or allowances under D.N.M.LR-Civ. 54.2(c)(1)(D).  The Court need not determine if Mr. Becker is a party, and therefore exempt from witness fees and allowances, because, under Local Rules, witness fees are taxable only "if the witness testifies at trial."  It is undisputed that Mr. Becker did not testify at trial and witness fees and allowances for Mr. Becker may not be taxed as costs.[1]  For the same reason, the costs and expenses of Ms. Vance's presence may not be taxed.

Finally, Plaintiff objects to the witness fees and expenses claimed for Darlene Parsons. Ms. Parsons drove from Roswell, New Mexico, arriving in Santa Fe on August 13, 2004, and returning home on August 16, 2004.  Defendant claims actual expenses of $631.45, based on

---

[1] Mr. Becker apparently was present at the request of Plaintiff.  Under Local Rule 54.2(c), however, Defendant cannot recover as costs the witness fees and allowances paid to a non-testifying witness even if the witness is present at the request of Plaintiff.  Defendant could have required that Plaintiff pay Mr. Becker's witness fees up front.  Having failed to do so, however, Defendant may not seek to have these fees and costs taxed against Plaintiff.

three nights lodging, meals, and mileage.[2]  Defendant, without explanation, calculates a per diem

rate based on four nights lodging.  Local Rules provide that a witness will be paid the smaller of

mileage or the per diem rate.  The actual per diem rate would have been lodging for three night (3

x $99.00 = $297.00), and subsistence for four days (4 x $47.00 = $188.00), and mileage (328.6

miles x $ 0.32 = $105.15), for a total of $590.15.  Defendant is entitled to witness fees and

expenses for Ms. Parsons in the amount of $590.15.

3.      Exhibits

        The cost of exhibits 8"x10" or less is taxable if the exhibit is admitted into evidence.

D.N.M.LR-Civ. 54.2(b)(f).  The cost of larger exhibits is taxable only by order of the Court.  *Id*.

Defendant seeks costs for five enlargements, copies of a schematic, a copy of a videotape, and

copies of exhibit notebooks for trial.

        Plaintiff challenges the enlargements of the photos and schematics.  Defendant argues that

the enlargements were necessary to allow all jurors to see the exhibits because jury notebooks

were not used at trial.  The Court has a sophisticated visual system with individual juror screens.

Utilizing this system, exhibits of 8" x 10" would have been easily viewed by all jurors.  The

enlargements were not necessary to ensure that the jurors were able to see the exhibits and the

cost of the enlargements will not be permitted.

        Plaintiff also challenges the duplication of a videotape.  Plaintiff contends that the copy of

the videotape made by Defendant was not used at trial and that Plaintiff provided Defendant with

a copy of the videotape.  Defendant counters that Plaintiff only loaned Defendant a copy of the

---

        [2]  Defendant has not provided any support for seeking actual expenses in excess of the per
diem rate and no such authorization is made in the local rules.

videotape prior to trial and that the videotape was admitted into evidence.  It is not clear if Defendant is contending that its copy of the tape or Plaintiff's copy of the tape was admitted at trial.  There is a factual dispute regarding whether Defendant had a copy of the tape and whether Defendant's copy of the tape was used at trial.  Because Defendant bears the burden of demonstrating that the costs it claims were reasonable and necessary, the Court will disallow the copying fee for the videotape.

In summary, Defendant is entitled to costs in the following amounts:

| | |
|---|---|
| Depositions | $1,125.61 |
| Witness Fees and Expenses | $590.15 |
| Steve Schmidt | |
| Darlene Parsons | |
| Exhibits & Copies | $118.80 |
| **TOTAL** | **$1, 834.56** |

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Objections to Defendant's Itemized and Verified Cost Bill, filed September 29, 2004, **[Doc. No. 118]**, are **GRANTED in part**.  Plaintiffs will be taxed costs in the amount of $1,834.56.

Dated this 8th day of June, 2005.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiff:
    Lauro D. Silva, Esq.
    Narciso Garcia, Jr., Esq.

Attorneys for Defendant Leprino:

Theresa W. Parrish, Esq.
Michael G. Bohn, Esq.